UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TOBIAS WALLS,

                             Plaintiff,

                                                                                    DECISION AND ORDER

                                                                                    08-CV-6002L

                             v.

COMMISSIONER BRIAN FISCHER,
SUPERINTENDENT J. CONWAY,
SGT. DWAYNE A. PERRINE,
C.O. JAMES W. HOLTZ, JR.,
C.O. ROBERT R. GARBACZ,
C.O. THOMAS PUTNAM, JR.,

                             Defendants.
_____

Plaintiff, Tobias Walls, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in certain respects in December 2006 at Attica Correctional Facility ("Attica").

Defendants, all of whom at all relevant times were DOCS officials or employees, have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of plaintiff's claims against defendants in the official capacities. Defendants have also moved to dismiss all of plaintiff's claims against defendants Brian Fischer and J. Conway, who at all relevant times were the Commissioner of DOCS and the Superintendent of Attica. In addition, plaintiff has filed a motion for leave to file a supplemental complaint. Defendants oppose that motion.

Defendants' motion to dismiss is granted. In his response to defendants' motion, plaintiff indicates that it is his intention to sue defendants in their individual capacities only. *See* Dkt. 320 at 2. Even if that were not plaintiff's intention, any claims against defendants in their official capacities would have to be dismissed as barred by the Eleventh Amendment. *See Abdur-Raheem v. Selsky*, 598 F.Supp.2d 367, 369 (W.D.N.Y. 2009).

Plaintiff's claims against Fischer and Conway must also be dismissed for lack of personal involvement. It is well established that a defendant's personal involvement in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Soto v. LaBuzzetta*, 584 F.Supp.2d 599, 603 (W.D.N.Y. 2008). Since the complaint here is devoid of allegations demonstrating Fischer's or Conway's personal involvement in the alleged constitutional violations, plaintiff's claims against them must be dismissed.

Plaintiff's motion for leave to file a supplemental complaint is denied. The proposed supplemental complaint concerns incidents that have allegedly occurred at Clinton Correctional Facility ("Clinton") in 2008, where plaintiff was then confined. Those incidents involve different actors than the defendants named in this action, and only tangentially relate to the matters asserted in the case at bar. *See Wilson v. Gipson*, No. 94-CV-891, 1995 WL 476695, at *3 (N.D.Ind. July 20, 1995) (denying motion for leave to file supplemental complaint where "the claims described in Wilson's proposed supplemental complaint bear little, if any, relationship to the claims in his original complaint"); *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) (railroad

employee seeking damages for personal injuries not permitted to file supplemental complaint stating additional claims arising out of a second, unrelated accident).

In addition, venue over the claims asserted in the proposed supplemental complaint lies in the Northern District of New York, where Clinton is located, and where the defendants named in the proposed supplemental complaint "reside" for purposes of venue. *See Vincent v. Yelich*, No. 08-CV-6074, 2009 WL 112956, at *1 (W.D.N.Y. Jan. 15, 2009) (DOCS employees "resided" in district where they performed their official duties); *Boyd v. Senkowski*, No. 94 CV 2319, 1995 WL 302474, at *2 (E.D.N.Y. May 10, 1995) (venue over claims arising out of incidents that occurred at Clinton lies in Northern District); *see also* 28 U.S.C. § 1391(b) (setting forth criteria for venue). Accordingly, I deny plaintiff's motion for leave to file a supplemental complaint, without prejudice to his filing a new action in the Northern District of New York relating to the matters sought to be asserted in his proposed supplemental complaint.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #11) is granted. All of plaintiff's claims against defendants in their official capacities, and all of his claims against defendants Brian Fischer and J. Conway are dismissed.

Plaintiff's motion for leave to file a supplemental complaint (Dkt. #22) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 11, 2009.